**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

COTY INC., COTY B.V., CALVIN KLEIN
TRADEMARK TRUST, CALVIN KLEIN,
INC., CALVIN KLEIN COSMETIC
CORPORATION, VERA WANG
LICENSING LLC, V.E.W., LTD., and ATE
MY HEART INC.,

                Plaintiffs,

vs.

EXCELL BRANDS, LLC,

                Defendant.

Case No. 1:15-cv-7029 (JMF)(GWG)

**ANSWER TO AMENDED COMPLAINT**

      Defendant Excell Brands, LLC ("Excell Brands"), by its undersigned attorneys, for its

Answer to the Amended Complaint of Plaintiffs Coty Inc., Coty B.V., Calvin Klein Trademark

Trust, Calvin Klein, Inc., Calvin Klein Cosmetic Corporation, Vera Wang Licensing LLC,

V.E.W., Ltd., And Ate My Heart Inc. ("Plaintiffs"), states as follows:

## SUBSTANCE OF THE ACTION

      1.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 1 of the Complaint.

      2.      Defendant denies the allegations of Paragraph 2 of the Complaint.

      3.      Defendant denies the allegations of Paragraph 3 of the Complaint, except to admit

that (a) it offers for sale a fragrance product under the EUPHRATES brand name, (b) the product

packaging contains a text statement indicating the product is Excell Brands' version of one or more

of Plaintiffs' fragrance products, and (c) the referenced Excell Brands product's packaging speaks

for itself.

4.      Defendant denies the allegations of Paragraph 4 of the Complaint, except to admit that blurry images of seven of Excell Brands' fragrance products and what appear to be seven of Plaintiffs' fragrance products are displayed after the allegations of Paragraph 4.

5.      Defendant denies Paragraph 5 of the Complaint.

6.      Defendant denies Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint states legal conclusions concerning a matter of law to which no answer is required but denies that Plaintiffs state a claim for any of these causes of action or that Defendant is liable to Plaintiffs under any such cause of action.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.

9.      Paragraph 9 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.  Additionally, Defendant denies that its products are infringing.

10.      Paragraph 10 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.

## PARTIES

11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

2

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant denies that that it currently has a place of business at 295 Durham Avenue, Suite C, South Plainfield, New Jersey 07080, but otherwise admits the allegations in Paragraph 19 of the Complaint.

## AS TO PLAINTIFFS' FACTUAL ALLEGATIONS

PLAINTIFFS' FRAGRANCES

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 27 of the Complaint.  As for the second sentence of Paragraph 27 of the Complaint, said sentence states legal conclusions concerning a matter of law to which no answer is required.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint with respect to the alleged ownership of "trade dress rights" or "exclusive license[s]" or what Plaintiffs may actually consider to constitute the trade dress of Plaintiffs' fragrances identified in Paragraph 28.  To the extent Plaintiffs' references to "distinctive packaging" and "trade dress rights" are an attempt to state a legal conclusion concerning a matter of law, rather than a statement of fact, Defendant makes no response thereto; however, if a response is required, Defendant denies the same.

29.    Paragraph 29 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.  Additionally, Defendant is unable to respond to the last sentence of Paragraph 30 because the phrase "other marks owned by Coty's other licensors" is undefined.

DEFENDANT'S SALE OF INFRINGING FRAGRANCES

31.    Defendant denies the allegations in Paragraph 31 of the Complaint, except it is without knowledge or information sufficient to form a belief as to the truth of the allegations set

forth in the last sentence of Paragraph 31 which refers to Plaintiffs' alleged purchase of certain of Defendant's fragrance products.  Defendant admits that it sells or has sold the following fragrance products for women: BE 4 U (Our Version Of CK IN 2U By Calvin Klein); OK ROCK (Our Version Of CK SHOCK By Calvin Klein; OK HOT (Our Version Of CK ONE SUMMER By Calvin Klein); OK NEW YORK BLACK (Our Version of CK BE By Calvin Klein) SERENITY (Our Version of ETERNITY By Calvin Klein); EUPHRATES (Our Version of EUPHORIA By Calvin Klein); POSSESSION (Our Version of OBSESSION By Calvin Klein); CITY GIRL (Our Version Of Down Town by Calvin Klein); CRAZY LADY (Our Version of LADY GAGA FAME); INSPIRATION (Our Version of PRINCESS); and LOVE STORY (Our Version of LOVE STRUCK).  Defendant further admits that it is selling the following fragrance products for men: SERENITY AQUA (Our Version of ETERNITY AQUA by Calvin Klein); OK ROCK (Our Version of CK SHOCK by Calvin Klein); OK NEW YORK (Our Version of CK One by Calvin Klein); OK 4 U (Our Version of CK IN 2U by Calvin Klein); OK BLUE (Our Version of CKFREE BLUE By Calvin Klein); EUPHRATES (Our Version of EUPHORIA By Calvin Klein); POSSESSION (Our Version of OBSESSION By Calvin Klein); POSSESSION NIGHT (Our Version of DARK OBSESSION By Calvin Klein); SERENITY (Our Version of ETERNITY by Calvin Klein; and JUMP! POUR HOMME (Our Version of JOOP! HOMME).

    32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

    33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

    34.    Defendant denies the allegations in Paragraph 34 of the Complaint.

    35.    Defendant denies the allegations in Paragraph 35 of the Complaint.

    36.    Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint, except to state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 concerning what is "equivalent to Plaintiffs' fragrances," as that term is undefined.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint, except to admit that its fragrance products may contain different ingredients in different amounts than Plaintiffs' fragrance products.

39.     Paragraph 39 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.  To the extent a response is required, Defendant denies any liability arising from Plaintiffs' invocation of the referenced legal sources.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF
### (Lanham Act, 15 U.S.C. § 1114)

41.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-40 of the Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF
### (Lanham Act, 15 U.S.C. § 1125(a))

47.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-46 of the Complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

**AS TO THE THIRD CLAIM FOR RELIEF**
**(Lanham Act, 15 U.S.C. § 1125(a)(1)(B))**

56.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-55 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

**AS TO THE FOURTH CLAIM FOR RELIEF**
**(Lanham Act, 15 U.S.C. § 1125(c))**

62.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-61 of the Complaint.

63.     Paragraph 63 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.  Additionally, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint with regard to the amount of Plaintiffs' advertising and use of its House Marks.

64.     Defendant denies the allegations in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

**AS TO THE FIFTH CLAIM FOR RELIEF**
**(N.Y. Gen. Bus. Law § 360-1)**

68.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-67 of the Complaint.

69.     Paragraph 69 of the Complaint states legal conclusions concerning a matter of law to which no answer is required.  Additionally, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint with regard to Plaintiffs' advertising and consumers' opinion concerning Plaintiffs' Marks and Trade Dress.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

**AS TO THE SIXTH CLAIM FOR RELIEF**
**(N.Y. Gen. Bus. Law § 349)**

74.     Defendant repeats and incorporates by reference herein its answers to Paragraphs 1-73 of the Complaint.

8

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint.

## AS TO THE SEVENTH CLAIM FOR RELIEF
### (NY Gen. Bus. Law § 350)

78.     Defendant repeats and incorporates by reference herein its answers to Paragraphs

1-77 of the Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

## AS TO THE EIGHTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

82.     Defendant repeats and incorporates by reference herein its answers to Paragraphs

1-81 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each Count of the Complaint fails to state a claim against Excell Brands upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches due to the inaction by Plaintiff over many years that has resulted in significant prejudice and detriment to Excell Brands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are engaged in trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark rights they may have, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages and/or have failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

WHEREFORE, defendant Excell Brands, LLC requests that judgment be entered in its favor and against Plaintiffs:

    a.    dismissing each Count of Plaintiffs' Complaint with prejudice;

    b.    awarding Excell Brands its reasonable attorneys' fees and costs incurred in connection with this action;

    c.    granting Excell Brands such other and additional relief as the Court deems just and equitable; and

    d.    entering an Order declaring that Excell Brands has not infringed and is not currently infringing, either directly, contributorily or through inducement,

any of Plaintiffs' Marks or Trade Dress in its fragrance products identified in the Complaint.

Dated:  June 21, 2016                    BLANK ROME LLP


                                         By: /s/Simon Miller _____
                                             Simon Miller
                                             Kenneth L. Bressler
                                             Rebecca L. Avrutin
                                         They Chrysler Building
                                         405 Lexington Avenue
                                         New York, New York 10174
                                          (212) 885-5000

                                         *Attorneys for Defendant Excell Brands, LLC*