**KILPATRICK TOWNSEND
& STOCKTON LLP**
Lisa Pearson (LP 4916)
Robert Potter (RP 5757)
Olivia Harris (OH 1983)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

James W. Faris Jr. (admitted *pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COTY INC., COTY B.V., CALVIN KLEIN TRADEMARK TRUST, CALVIN KLEIN, INC., CALVIN KLEIN COSMETIC CORPORATION, VERA WANG LICENSING LLC, V.E.W., LTD., and ATE MY HEART INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EXCELL BRANDS, LLC,<br><br>　　　　　　　Defendant. | 15-CV-7029 (JMF) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

PROCEDURAL BACKGROUND........................................................................................ 3

ARGUMENT .......................................................................................................................... 6

I.    Defendant's Disobedience of the Court's May 10 Order Warrants Evidence Preclusion........................................................................................................... 7

II.    Defendant's Failure to Produce a Competent Witness As Ordered by the Court Requires an Award of Plaintiffs' Reasonable Expenses Caused by That Disobedience, Including Attorneys' Fees. ...................................................... 10

CONCLUSION................................................................................................................... 12

**TABLE OF AUTHORITIES**

**Cases**

*Adrian Shipholding Inc. v. Lawndale Grp. S.A.*,
  No. 08 CIV. 11124 HB GWG, 2012 WL 104939 (S.D.N.Y. Jan. 13, 2012),
  *report and recommendation adopted*, No. 08 CIV. 11124 HB GWG, 2012
  WL 407475 (S.D.N.Y. Feb. 9, 2012)..................................................................... 8, 11

*Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*,
  961 F. 2d 1357 (2d Cir. 1991) ...................................................................................... 8

*El Greco Leather Prods. Co. v. Shoe World, Inc.*,
  806 F.2d 392 (2d Cir. 1986) ........................................................................................ 1

*In re Willkie Farr & Gallagher LLP to Quash Subpoena*,
  No. 2:04 CIV. 0494, 2008 WL 3884380, (S.D.N.Y. Aug. 14, 2008) ........................ 7

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
  No. CV 2010 3647 CBA MDG, 2012 WL 3536987 (E.D.N.Y. Aug. 13, 2012) ... 7, 11

*Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*,
  816 F.2d 68 (2d Cir. 1987) .......................................................................................... 2

*Reilly v. Natwest Markets Grp. Inc.*,
  181 F.3d 253 (2d Cir. 1999) .................................................................................... 7, 8

*S.E.C. v. Benson*,
  657 F. Supp. 1122 (S.D.N.Y. 1987) ............................................................................ 9

*Sieck v. Russo*,
  869 F.2d 131 (2d Cir. 1989) ........................................................................................ 9

*Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*,
  No. 07 CIV. 930 (GEL), 2009 WL 3270794 (S.D.N.Y. Oct. 13, 2009) ............... 7, 10

*Update Art, Inc. v. Modiin Pub., Ltd.*,
  843 F.2d 67 (2d Cir. 1988) .......................................................................................... 9

*Zino Davidoff SA v. CVS Corp.*,
  571 F.3d 238 (2d Cir. 2009) ........................................................................................ 2

**Other Authorities**

McCarthy on Trademarks and Unfair Competition § 3:10 (4th ed.) ............................. 2

**Rules**

Fed. R. Civ. P. 30(b)(6)............................................................................................ passim

Fed. R. Civ. P. 37 ..................................................................................................... 7, 10

Fed. R. Civ. P. 37(b)(2)(A)(ii) ......................................................................................... 7

Fed. R. Civ. P. 37(d) ...................................................................................... 1, 6, 7, 10

Plaintiffs, Coty Inc., Coty B.V., Calvin Klein Trademark Trust, Calvin Klein, Inc., Calvin Klein Cosmetic Corporation, Vera Wang Licensing LLC, V.E.W., Ltd., and Ate My Heart, Inc., respectfully submit this memorandum of law in support of their motion for sanctions pursuant to Fed. R. Civ. P. 37(d) against Defendant Excell Brands, LLC for its failure to comply with the Court's May 10, 2016 order requiring Defendant to produce a corporate representative to testify concerning the composition and testing of Defendant's purported "versions" of Plaintiffs' fragrances and its compliance with applicable health and safety laws (ECF No. 65, Tr.: 13:12-17). Plaintiffs seek an order precluding Defendant from introducing at trial any factual testimony or documents concerning the following topics about which neither of Defendant's Rule 30(b)(6) corporate representatives were adequately prepared to testify: (1) the ingredients and chemical composition of the liquid scent (also known as the "juice") of each of Defendant's fragrances identified in the First Amended Complaint; (2) Defendant's compliance with applicable U.S. health, labeling, and consumer safety laws; and (3) tests or studies, including laboratory or scientific reports or quantitative or qualitative analyses, concerning the juice or packaging of Defendant's fragrances. Plaintiffs also seek an order requiring Defendant to pay Plaintiffs' reasonable expenses, including attorneys' fees, caused by Defendant's failure to produce a competent Rule 30(b)(6) witness.

## INTRODUCTION

"One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark." *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir. 1986). "In attaching its mark to its goods over time, a holder assures consumers that the goods conform to the mark holder's quality standards. Reputation for quality, whether good or bad, becomes associated with

a mark in the minds of consumers. Many consumers are willing to pay more to buy goods bearing a mark which experience has taught the consumer represents an assurance of high quality." *Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243-44 (2d Cir. 2009). Where, as here, a defendant uses the plaintiff's marks or confusingly similar variants of them on goods that differ materially from the plaintiff's products, and over which the plaintiff has no quality control, courts routinely hold that the plaintiff suffers irreparable reputational harm. *See, e.g., Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*, 816 F.2d 68, 73 (2d Cir. 1987); *see also* McCarthy on Trademarks and Unfair Competition § 3:10 (4th ed.) ("Few harms are more corrosive in the marketplace than the inability of a trademark holder to control the quality of bogus articles thought (erroneously) to derive from it.").

Accordingly, since the outset of this case, one of the key issues has been the quality of the fragrances offered by Defendant as "versions" of Plaintiffs' fragrances, with product names similar to the product names of Plaintiffs' fragrances, in packaging similar to the packaging of Plaintiffs' fragrances, and with Plaintiffs' own registered trademarks prominently reproduced on both the front and back of Defendant's fragrance boxes. Plaintiffs have no control over the quality of Defendant's products. If consumers mistakenly believe that Defendant's products come from Plaintiffs or have the same qualities or characteristics as Plaintiffs' genuine products (such as the same formula or longevity), when in fact they do not, then Defendant has deprived Plaintiffs of their ability to protect their hard-earned reputation and good will. Further, Defendant's use of Plaintiffs' marks on their inexpensive knock-off products dilutes and tarnishes the prestige of Plaintiffs' brands.

Based on their evaluations of Defendant's knock-off fragrances, Plaintiffs are seriously concerned that Defendant's fragrances are not only materially different than Plaintiffs'

fragrances in formulation, but that they contain unacceptably high levels of DEHP, a potential carcinogen,[1] and volatile organic compounds that must be disclosed under the California Air Resources Board's Consumer Products Program due to their adverse environmental impact. (1st Am. Compl. ¶¶ 2, 38, 39.) Plaintiffs have therefore diligently sought discovery on these issues. (*See, e.g.,* ECF No. 26-3; ECF No. 34, 16:22-25.) Defendant has evaded it. After its first corporate representative was unprepared to address the composition and testing of Defendant's fragrances and the potential health and safety risks they pose, Plaintiffs sought the Court's intervention, and the Court ordered Defendant to produce an adequately prepared witness to testify on these important issues. Yet Defendant's second corporate representative was also totally unprepared to address these topics. Plaintiffs therefore seek sanctions in the form of an order precluding Defendant from introducing any evidence on these topics, as well as an award of reasonable attorneys' fees and costs associated with the depositions and motion practice on this issue.

## PROCEDURAL BACKGROUND

On February 19, 2016, Plaintiffs served a Rule 30(b)(6) deposition notice seeking a witness knowledgeable about the ingredients and chemical composition of the juice of Defendant's fragrances (Topic No. 8), Defendant's compliance with applicable U.S. health, labeling, and consumer safety laws (Topic No. 10), and tests or studies concerning the juice or packaging of Defendant's fragrances (Topic No. 11), among other issues. (Decl. of James Faris ("Faris Decl."), Ex. A.) Defendant never objected to these topics. On April 27, Defendant produced as its 30(b)(6) witness one of its retail salespersons, Nicholas Ferullo. Mr. Ferullo, however, had no knowledge or information on these topics or on an additional topic, Topic No.

---

[1] *See* https://www3.epa.gov/airtoxics/hlthef/eth-phth.html.

23, which concerns prior claims against Defendant for trademark and unfair competition. (ECF No. 50-2.)

In this case, Defendant's 30(b)(6) testimony is particularly critical, as all four of the Defendant's individual witnesses that Plaintiffs have deposed—its president, general counsel, controller, and wholesale sales manager—are facing criminal charges stemming from their involvement in Defendant's business, and they invoked the Fifth Amendment in response to Plaintiffs' questions about that business. (Faris Decl. ¶ 9.) Yet Mr. Ferullo testified that although he lacked information or knowledge as to Topic Nos. 8, 10, 11, and 23, Defendant's president, Wayne Hamerling, had such knowledge or information. (ECF No. 50-2.) And in response to Plaintiffs' first set of interrogatories, Defendant similarly identified Mr. Hamerling, as well as Defendant's Indian vendor, as being knowledgeable about the development and creation of Defendant's products. (Faris Decl. Ex. B.)

Defendant's failure to produce a witness on Topic No. 11 (tests or studies concerning Defendant's fragrances) is especially troubling. After Mr. Ferullo's deposition, with only a week left in the fact discovery period, Defendant produced lab reports dated April 26 and 27, 2016, from a previously undisclosed third party testing facility in India, evidently retained by Defendant's supplier in India, purporting to show that certain of Defendant's fragrances do not contain the carcinogen DEHP. (*Id.* ¶ 8.) Of course, Plaintiffs were unable even to ask Defendant's witness about these reports at the initial 30(b)(6) deposition of Mr. Ferullo, and he presumably would have had no knowledge about the reports in any event.

Following Mr. Ferullo's deposition, the parties met and conferred about how to rectify Defendant's failure to produce an adequately prepared 30(b)(6) witness, but Defendant disagreed with Plaintiffs' characterization that Mr. Ferullo had no knowledge with respect to Topic Nos. 8,

4

10, 11, and 23, and it refused to produce a supplemental witness who was knowledgeable on those topics. (*Id.* 7.) Plaintiffs therefore filed a letter motion with the Court on May 2, 2016. (ECF No. 50.) At the conference on May 10, the Court ordered Defendant to produce a supplemental 30(b)(6) witness, and to "make sure that that witness is adequately prepared," to testify as to Topic Nos. 8, 10, 11, and 23, "whether that means briefing the president of the company or anyone else; whether they would invoke the fifth if called to testify or not; whether it means obtaining information from the vendor in India, or what have you, basically making sure that they are adequately prepared." (ECF No. 65, Tr. 13:12-17.) The Court further instructed that, "[i]f it turns out that that [second] witness is not prepared, [Plaintiffs' attorneys' fees] is certainly within the realm of contemplation and we'll talk about what sort of sanctions would be appropriate, up to and including precluding evidence on these issues, but hopefully with this shot across the bow, that won't be an issue and these issues will be addressed at a supplemental deposition." (*Id.* 14:13-19.)

It turns out that Defendant's supplemental 30(b)(6) witness, Andrew Pfau, who was produced by Defendant on May 18, was no more prepared to testify on Topic Nos. 8, 10, 11, and 23 than Mr. Ferullo had been. This is not surprising, given that Mr. Pfau, a board member and investor in Defendant, has no involvement in Defendant's day to day operations (Faris Decl. Ex. C, 8:7-10, 12:6-9), and he testified that he did "[n]ot much" to prepare for his deposition (*id.* 12:10-14). Indeed, Mr. Pfau testified that he spoke to no one other than counsel to obtain information about the deposition topics (*id.* 12:18-25), including any of Defendant's employees, its Indian suppliers, or any of the persons who prepared the documents Defendant produced relevant to those topics (*id.* 13:2-9).

To provide just a few notable examples of Defendant's failure to comply with the Court's

May 10 Order, Mr. Pfau lacked knowledge or information concerning (a) any quality assurance standards Defendant follows to ensure the health and safety of consumers who use its products (*id.* 16:3-7); (b) what, if any, chemical analyses are done by Defendant or its suppliers to match the original scents of the branded fragrances that Defendant purports to create "versions of" (*id.* 16:14-20); and (c) the various chemical analyses produced by Defendant—to wit, certain material safety data sheets prepared by Defendant's suppliers in India (*id.* 24:25-34:15), Quali-Quantitative Formula documents prepared by its suppliers in India (*id.* 24:24-44:20), updated IFRA conformity certificates its supplier evidently obtained from third party laboratories located in Turkey and Paris after June 10, 2015, perhaps solely for purposes of this litigation (*id.* 44:21-54:10), and the Daman certificates of analysis Defendant's supplier evidently ordered from a third party laboratory in India in April 2016 for purposes of litigation (*id.* 54:11-61:20).

On June 2, pursuant to the Court's instruction on May 10 to let it know if Defendant's supplemental 30(b)(6) witness was unprepared, Plaintiffs filed a letter motion seeking appropriate sanctions. (ECF No. 67.) On June 3, the Court granted Plaintiffs leave to make a formal motion for sanctions. (ECF No. 68.)

## ARGUMENT

**DEFENDANT SHOULD BE SANCTIONED FOR ITS FAILURE TO PRODUCE A COMPETENT RULE 30(b)(6) WITNESS TO TESTIFY CONCERNING THE COMPOSITION AND TESTING OF ITS FRAGRANCES AND ITS COMPLIANCE WITH HEALTH AND SAFETY STANDARDS.**

In light of Defendant's failure to comply with the Court's May 10 Order to prepare and produce a competent corporate witness, Plaintiffs respectfully ask the Court pursuant to Fed. R. Civ. P. 37(d) to preclude Defendant from introducing at trial any factual testimony or documents concerning the composition and testing of its fragrances and its compliance with health and

safety standards (Topic Nos. 8, 10, and 11[2]) and to require Defendant to pay Plaintiffs' reasonable expenses, including attorneys' fees, caused by Defendant's failure to produce a competent 30(b)(6) witness.

I.  **Defendant's Disobedience of the Court's May 10 Order Warrants Evidence Preclusion.**

"Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). When the corporation fails to meet this requirement, "that is tantamount to not appearing for the deposition," as this Court noted during the May 10 conference. (ECF No. 65, Tr.: 3:16-19.) *See also In re Willkie Farr & Gallagher LLP to Quash Subpoena*, No. 2:04 CIV. 0494, 2008 WL 3884380, at *2 (S.D.N.Y. Aug. 14, 2008) ("Producing an unprepared witness is tantamount to a failure to appear."); *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. CV 2010 3647 CBA MDG, 2012 WL 3536987, at *9 (E.D.N.Y. Aug. 13, 2012) ("[C]ourts treat the production of an unprepared witness as tantamount to a failure to appear.").

Where a party "fail[s] to provide appropriate Rule 30(b)(6) witnesses, and has not established any justification or excuse for its dereliction, sanctions are appropriate." *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 CIV. 930 (GEL), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009). Under Rule 37(d), those sanctions can include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also Reilly*, 181 F.3d at 268 ("When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose

---

[2] With respect to Topic No. 23, third party infringement claims against Defendant, Defendant agreed to supplement its supplemental witness's limited knowledge with additional documents concerning such claims.

various sanctions, including the preclusion of evidence.").

Such a sanction is warranted here. Defendant twice failed to produce a competent corporate witness on critical factual issues, and in so doing, completely ignored this Court's May 10 order to make sure that its supplemental 30(b)(6) witness was adequately prepared—"whether that means briefing the president of the company or anyone else; whether they would invoke the fifth if called to testify or not; whether it means obtaining information from the vendor in India, or what have you." (ECF No. 65, Tr.: 13:12-17.)

"[W]here a party seeks to frustrate [discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 961 F. 2d 1357, 1365 (2d Cir. 1991) (sanctioning the disobedient party by precluding it from producing evidence on the issue relevant to the proceeding, where it had disobeyed the court's order to produce a witness for deposition). For example, in *Adrian Shipholding Inc. v. Lawndale Grp. S.A.*, the court ordered the defendant to produce a witness competent to testify as to several properly-noticed topics concerned with whether exercise of personal jurisdiction was proper. No. 08 CIV. 11124 HB GWG, 2012 WL 104939, at *1 (S.D.N.Y. Jan. 13, 2012), *report and recommendation adopted*, No. 08 CIV. 11124 HB GWG, 2012 WL 407475 (S.D.N.Y. Feb. 9, 2012). At the corporation's deposition, however, the witness testified that he had not spoken to anyone at the defendant in preparation for his deposition, that he was only minimally involved with the defendant's business, and that he lacked knowledge sufficient to testify as to nearly all of the noticed topics. *Id.* at *5. The court sanctioned the defendant's conduct by taking as established that personal jurisdiction existed over the defendant. *Id.* at *10.

Similarly, in *Reilly v. Natwest Markets Grp. Inc.*, the Second Circuit affirmed the district

court's ruling that precluded the defendant from offering the testimony of two of its witnesses who were not produced for deposition in response to the plaintiff's 30(b)(6) notice, in violation of both Rule 30(b)(6) and the district court's order regarding the completion of discovery. 181 F.3d at 268; *see also Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (entering default judgment for failure to appear for a deposition); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988) (affirming imposition of preclusive sanctions for failure to comply with reasonable discovery orders); *S.E.C. v. Benson*, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987) (precluding defendant from offering evidence in support of any position upon which he refused to produce discovery).

Here, despite this Court's explicit instructions regarding the need to adequately prepare the supplemental 30(b)(6) deponent as to Topic Nos. 8, 10, 11, and 23 in Plaintiffs' deposition notice, Defendant's second corporate witness, Mr. Pfau, testified that he: (a) is not an employee of and provides no services for Defendant (Faris Decl. Ex. C, 11:4-12:90; (b) did "[n]ot much" to prepare for his deposition (*id.* 12:10-14); (c) did not speak to anyone other than counsel to obtain information about the deposition topics (*id.* 12:18-25); and (d) lacked knowledge or information as to the four topics for the deposition, because such topics were outside his personal role with Defendant (*id.* 28:17-22; 32:14-16; 36:11-13; 38:25-39:8; 74:19-21). Not surprisingly, given his limited role with Defendant and his failure to prepare for his deposition, Mr. Pfau answered "I don't know" nearly forty times over the course of a two hour deposition in response to questions seeking information as to the four noticed deposition topics. (*Id.* 14:10, 16:2,7, 18:23, 21:8, 24:6, 27:22, 28:16,22, 29:22, 31:24, 36:10,13,25, 43:5, 44:20, 46:16, 47:7, 48:24, 51:19, 54:7,10, 63:8, 68:4,10, 70:25, 79:17,21, 80:2,5, 83:19, 88:21, 91:6, 94:4,25, 95:6, 98:12, 99:4.)

As the Court is aware, Defendant's individual deposition witnesses have all invoked the

Fifth Amendment in response to Plaintiffs' questions about Defendant's business. Accordingly, Plaintiffs have only been able to question Defendant about its business and its documents through its 30(b)(6) designees, although neither Mr. Ferullo nor Mr. Pfau was identified as a person with relevant knowledge or information in Defendant's initial disclosures or interrogatory answers. And because Defendant has made no effort to prepare its 30(b)(6) witnesses to testify on Topic Nos. 8, 10, 11, and 23, as required by both Rule 30(b)(6) and this Court's May 10 Order, Plaintiffs have been deprived of even that opportunity. It would therefore be patently unfair to permit Defendant to rely on evidence at trial, whether in the form of documents or testimony, that Defendant's "bandying" has prevented Plaintiffs from examining through the discovery process. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment (Rule 30(b)(6) intended to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.").

## II. Defendant's Failure to Produce a Competent Witness As Ordered by the Court Requires an Award of Plaintiffs' Reasonable Expenses Caused by That Disobedience, Including Attorneys' Fees.

Rule 37 provides that, where a party fails to attend its own deposition, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d) (emphasis added).

In *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, the court found that the plaintiff "suffered prejudice as a result of [defendant's] dereliction of its discovery duties [as] it spent time and money preparing for and conducting depositions of witnesses whose testimony was useless," due to the fact that the defendant failed prepare those witnesses to give knowledgeable

10

answers. 2009 WL 3270794 at *3 (awarding $54,991.17 in counsel fees and deposition expenses); *see also Meyer Corp.*, 2012 WL 3536987 at *10 (awarding fees and costs where plaintiff "articulated no satisfactory justification for its designation of an inadequate witness or any other circumstances that would make an award of expenses unjust"); *Adrian Shipholding Inc.*, 2012 WL 104939 at *10 (same).

Likewise here, Defendant has not and cannot provide sufficient justification for its failure to make any attempt, at all, to adequately prepare its Rule 30(b)(6) witnesses. Defendant's first Rule 30(b)(6) witness, Mr. Ferullo, testified that its president was knowledgeable about all four of the topics noticed for Mr. Pfau's supplemental deposition, and he testified that Defendant's Indian manufacturer was knowledgeable about some of those topics. Yet Mr. Pfau testified that he did not talk to either Defendant's president or its Indian manufacturer in preparation for his deposition, resulting in a supplemental 30(b)(6) deposition that can only be described as useless on these issues. Accordingly, Plaintiffs ask that Defendant be required to pay Plaintiffs' reasonable attorneys' fees and expenses caused by Defendant's failure to produce a competent 30(b)(6) witness, including those incurred in connection with the second Rule 30(b)(6) deposition and motion practice on this discovery issue.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its motion for sanctions, precluding Defendant from introducing at trial any factual testimony or documents concerning Deposition Topic Nos. 8, 10, and 11, and requiring Defendant to pay Plaintiffs' reasonable expenses, including attorneys' fees, caused by Defendant's failure to produce a competent 30(b)(6) witness.

DATED: June 27, 2016                    Respectfully submitted,

                                        KILPATRICK TOWNSEND & STOCKTON LLP

                                        By:  /s/ James W. Faris Jr.

                                        Lisa Pearson (LP 4916)
                                        Robert Potter (RP 5757)
                                        Olivia Harris (OH 1983)
                                        1114 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 775-8700
                                        Facsimile: (212) 775-8800
                                        lpearson@kilpatricktownsend.com
                                        rpotter@kilpatricktownsend.com
                                        oharris@kilpatricktownsend.com

                                        James W. Faris Jr. (admitted *pro hac vice*)
                                        1100 Peachtree Street, Suite 2800
                                        Atlanta, Georgia 30309
                                        Telephone: (404) 815-6500
                                        Facsimile: (404) 815-6555
                                        jfaris@kilpatricktownsend.com

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served upon counsel of record by filing it electronically with Court's CM/ECF system.

Dated: June 27, 2016

/s/ Alberto Garcia
Alberto Garcia
