UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COTY INC., COTY B.V., CALVIN KLEIN
TRADEMARK TRUST, CALVIN KLEIN, INC.,
CALVIN KLEIN COSMETIC CORPORATION,
VERA WANG LICENSING LLC, V.E.W., LTD., and
ATE MY HEART INC.,

      Plaintiffs,

  v.

EXCELL BRANDS, LLC,

      Defendant.

15-CV-7029 (JMF) (GWG)

---

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
# MOTION FOR SANCTIONS

 

**BLANK ROME LLP**
Simon Miller
Kenneth L. Bressler
Rebecca L. Avrutin
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendant Excell
Brands, LLC*

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.    Precluding Evidence is an Extreme Sanction Not Warranted in this Case ..............2

    II.    Plaintiffs' Request for an Award of Expenses and Attorneys' Fees is Baseless .....9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adrian Shipholding Inc. v. Lawndale Group S.A.*,
   2012 WL 104939, No. 08 Civ. 11124 (HB)(GWG) (S.D.N.Y. Jan. 13, 2012) ..........................8

*Eid v. Koninklijke Luchtvaart Maatschappig N.V. et al.*,
   310 F.R.D. 226, 228 (S.D.N.Y. 2015) ...................................................................2, 3, 4, 7

*Huber v. Arck Credit Co., LLC*,
   2016 WL 482955, No. 12-CV-8175 (JMF) (Feb. 5, 2016)........................................................2

*Reilly v. Natwest Markets Group Inc.*,
   181 F.3d 253 (2d Cir. 1999)...................................................................................................9

*S.E.C. v. Benson*,
   657 F. Supp. 1122 (S.D.N.Y. 1987)........................................................................................9

*Siek v. Russo*,
   869 F.2d 131 (2d Cir. 1989)...................................................................................................9

*Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*,
   2009 WL 3270794, No. 07 Civ. 930 (GEL) (S.D.N.Y. Oct. 13, 2009)..................................10

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*,
   No. 01 Civ. 3016(AGS)(HP), 2002 WL 1835439 (S.D.N.Y. Aug. 8. 2002).............................3

*Update Art, Inc. v. Modiin Publishing, Ltd.*,
   843 F.2d 67 (2d Cir. 1988).....................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)................................................................................................2, 3, 4, 7, 8, 9

Fed. R. Civ. P. 37 ............................................................................................................................2

Defendant Excell Brands, LLC ("Excell"), by and through its undersigned counsel, respectfully submits this Memorandum of Law, together with the Declaration of Rebecca L. Avrutin, dated July 11, 2016 (the "Avrutin Decl."), in opposition to Plaintiffs' Motion for Sanctions.

## PRELIMINARY STATEMENT

Having declined to pursue discovery from, amongst others, Excell's third-party suppliers, Plaintiffs seek to preclude Excell from submitting any evidence regarding (a) the ingredients and chemical composition of Excell's fragrances (Topic No. 8), (b) Excell's efforts to comply with applicable U.S. labeling, health and safety laws (Topic No. 10), and (c) tests and studies of Excell's products or packaging (Topic No. 11), based on Excell's 30(b)(6) witnesses inability to act as a "stand-in" for that third-party supplier.  The law is clear that Excell was only obligated to produce a witness to testify to the extent of the company's knowledge regarding the three areas, not the degree of knowledge which the third-party supplier had.

Excell's 30(b)(6) witness did testify regarding all three areas.  That testimony included identification of documents from Excell's third-party supplier detailing the ingredients and chemical composition of the Excell fragrances in the Complaint, describing these documents in general and describing the use Excell made of them.  In addition, the witness described Excell's work with the supplier to ensure compliance with the U.S. Customs Authority's requirements and regulations, and Excell's reliance on the testing and safety certification process undertaken by its third-party supplier as evidenced by specific third-party documents the witness identified.  With regard to the topic of tests and studies of Excell's products and packaging, the witness testified that Excell did not engage in such specific activity but did identify the testing done by its supplier and Excell's reliance thereon. While no "studies" of Excell's packaging were done, both 30(b)(6) witnesses for Excell testified

about the process Excell used to develop its packaging as well as its efforts to assure that such packaging did not resemble Coty's products too closely.[1]

What Plaintiffs are complaining about is the fact that Excell's 30(b)(6) witnesses were not able to describe specific line items in the third-party's documents regarding chemical composition and testing or the specifics about how the testing was done. Moreover, Plaintiffs complain because one of Excell's 30(b)(6) witnesses testified that he lacked personal knowledge regarding many of the topics on which he was nonetheless testifying as Excell's representative. These complaints go beyond the requirements for a 30(b)(6) witness. In particular, there is simply no requirement for a 30(b)(6) witness to acquire the same level of knowledge of a third-party's documents or practice as the third-party. Had Plaintiffs wanted to depose the third-party, it could have attempted to do so. It cannot use the 30(b)(6) witness device as a substitute for that.

## ARGUMENT

### I. Precluding Evidence is an Extreme Sanction Not Warranted in this Case

As this Court recently stated in *Huber v. Arck Credit Co., LLC*, in order for Excell to incur sanctions for inadequate Rule 30(b)(6) testimony pursuant to Fed. R. Civ. P. 37, the Court must find that inadequacies in Mr. Pfau's testimony were "egregious and not merely lacking in desired specificity in discrete areas." *Huber v. Arck Credit Co., LLC*, 2016 WL 482955, No. 12-CV-8175 (JMF), *4 (Feb. 5, 2016) (citing *Eid v. Koninklijke Luchtvaart Maatschappig N.V.* ("KLM"), *et al.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015)). Plaintiffs have failed to show, or even argue, that Mr. Pfau's lack of knowledge rose to an "egregious" level. Plaintiffs' motion for sanctions should, therefore, be denied.

---

[1] Excell also produced documents including e-mail communications with respect to this issue.

2

When a corporate party's deposition is sought, the corporation must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). A corporation "must make a conscientious good faith endeavor to designate persons having knowledge of the matters identified…and to prepare those persons in order that they can answer fully, completely, and unevasively, the question posed…as to the relevant subject matters." *Eid*, 310 F.R.D. at 228. It is, however, "settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead it need only produce a person with knowledge whose testimony will be binding on the party." *Id*. at 229. Further, "Rule 30(b)(6) witnesses are expected to prepare by gathering *corporate* knowledge" not information from a third-party. *Id*. at 229 (emphasis in original) (citation omitted); *cf. Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, No. 01 Civ. 3016(AGS)(HP), 2002 WL 1835439 (S.D.N.Y. Aug. 8. 2002) (a corporation has a duty to produce a 30(b)(6) witness with knowledge of matters known by its subsidiary or affiliate).

In *Eid*, the court denied plaintiffs' motion for sanctions based on alleged deficiencies in the testimony of the defendants' 30(b)(6) witness after the witnesses failed to consult with a third-party prior to testifying. *Eid*, 310 F.R.D. at 229. Plaintiffs were detained by police in Cairo after an individual employed by Egyptian Aviation Services ("EAS"), which was contracted by KLM, a defendant, refused to allow plaintiffs onto a flight because of a ticketing issue and plaintiffs reacted poorly. *Id.* at 227. Following this incident, an EAS individual to filed a police report. *Id.* at 227-228. Plaintiffs sought damages arising out of their subsequent interaction with and detention by the police. *Id.* at 228.

During discovery, the plaintiffs noticed the Rule 30(b)(6) deposition of KLM, and included in the notice of topics "the events transpiring at the Cairo airport and at the police

station." *Id.* at 228. KLM produced four 30(b)(6) witnesses, but not the EAS individual. The plaintiffs moved to exclude "any other evidence on what happened at the airport" based on KLM's failure to produce the EAS individual as a 30(b)(6) witness and, ultimately, as sanctions for failure to produce the EAS individual or at least require a witness confer with him prior to testifying. *Id.* at 228. First, the court found that there was no question that KLM did not have an obligation to produce the EAS individual. *Id.* at 229. Next, the court found that the plaintiffs failed to meet their burden to prove that the 30(b)(6) witnesses were inadequately prepared because "Rule 30(b)(6) witnesses are expected to prepare by gathering *corporate* knowledge" not information from a third-party. *Id.* at 229 (emphasis in original).

Mr. Pfau, a part owner of Excell and a member of its Board of Directors since 2010, Exhibit C to the Declaration of James W. Faris Jr., dated June 27, 2016 ("Faris Decl."), p. 8:7-15, met with Excell's counsel, who also has substantial knowledge of the company at this stage in the litigation, for several hours prior to his Rule 30(b)(6) deposition. Plaintiffs' argument that Mr. Pfau was an inadequate corporate representative of Excell because he is not an employee of Excell and he prepared for his deposition with Exell's counsel rather than an Excell employee is a straw man. Preparation by particular individuals and employee status are not requirements for a Rule 30(b)(6) witness. *See Eid*, 310 F.R.D. at 229.

In any event, Mr. Pfau was adequately prepared to testify on behalf of Excell. Indeed, Mr. Pfau provided Excell's testimony as to Topic Nos. 8, 10 and 11. For example, Mr. Pfau testified that Excell has never received any complaints with respect to the safety of its products. Faris Decl., Exhibit C, pp. 39:12 – 40:3. Mr. Pfau identified for Plaintiffs and was generally familiar with the reports run and testing performed by Excell's Indian supplier, Hertz Chemicals, or at Hertz's behest, on the products Excell sells. *Id.* at pp. 13:10 – 14:4; 22:15 – 23:5; 23:17-24;

4

31:6-16; 40:19-24; 49:11 – 50:10; 54:11 – 56:6.  For example, he stated, "I am aware of the tests that were conducted and who authorized them, so I know that the supplier found independent labs to do testing to come up with chemical components and I assume other labs did the work ups for the material safety data information."  *Id.* at p. 13:13-19.  He stated that Excell's products are supplied "fully intact" from its supplier, and the supplier "ensures the product meets code" and U.S. Customs regulations.  *Id.* at pp. 14:20 – 15:6; 39:12 – 40:3; 50:20 – 51:8.  In other words, "the supplier is aware of what requirements there are for international shipping and products, so they are the ones that make sure that the product adheres to all forms of rules and regulations."  *Id.* at p. 15:8-14.  Mr. Pfau knew that no chemical testing is done on Excell's fragrances in the U.S., *Id.* at p. 14:11-13, or by Excell.  *Id.* at p. 53:19-25.

He stated that Excell does, however, receive copies of reports from the supplier such as the material safety data reports on the products it sells from its supplier in the ordinary course of business, *Id.* at p. 49:3-8, and relies on these reports and the supplier's certification that the products meet applicable regulations and standards.  *Id.* at pp. 15:15-21; 16:8-13; 24:8-12; 50:5-10.  In particular, Mr. Pfau noted that the material safety data sheets "showed the chemical composition of each product shown on [the] reports, showing the chemical composition of each product shown on those reports, showing the chemical ingredients and whether or not they meet – their percentages broken down in the product and certain other potential hazardous identification marks and whatnot."  *Id.* at p. 31:10-16.

Further, he stated that the Quali-Quantitative Formula reports are the supplier's reports showing the "chemical ingredients that make up those particular products in the reports as given to [Excell] from [its] supplier who produced that product."  *Id.* at p. 40:21-24.  IFRA certificates are "an independent company that is certifying that the compounds used in the synthetics used by

[Excell's suppliers]…complies with the international – the IFRA standards that the compounds are in compliance." *Id.* at pp. 44:21 – 45:9.  IFRA, or the International Fragrance Association, Mr. Pfau knew to be "a quasi governmental agency that promulgates standards for the industry, the fragrance industry to use on a worldwide basis." *Id.* at p. 46:3-8.  And, Excell requested Certificates of Analysis performed by Daman Research and Testing, an FDA-approved lab selected by the supplier to do the testing, in order to show that Excell's products referenced in the Complaint do not contain DEHP.  *Id.* at pp. 54:11 – 55:21; 60:16 – 61:14.

Mr. Pfau also testified regarding the method by which Excell's products are created.  He stated that Excell does not itself do a chromatograph of the ingredients of fragrances during the process of creating its own version of those fragrances, but the supplier has performed such chromatographs.  *Id.* at pp. 16:21 – 17:10; 18:9-16.  He stated that Excell takes care to make sure that its products do not resemble others too closely – it does not attempt to replicate the formulas of Plaintiffs' fragrances, which its supplier creates by "taking various different compounds from synthetic oils and combining it until they get a scent they are happy with." *Id.* at p. 43:15-19.  In fact, he stated, Excell's fragrances "chemical compositions are different, scents are different, they are not meant to be identical." *Id.*, pp. 18:24 – 19:22.  Finally, he testified that Excell's supplier uses synthetic oils rather than the fragrance oils used by Plaintiffs because synthetic oils are cheaper (because they are of lower quality), and there is a higher percentage of water and alcohol in Excell's products than in Plaintiffs' fragrances.  *Id.* at pp. 20:9 – 21:2.

Nicholas Ferullo, Excell's first 30(b)(6) witness, similarly testified that Excell aims to sell products that look similar to, but not the same as or like a substitute for fragrance products such as Plaintiffs and makes efforts to differentiate its products so customers know they are not buying the original product.  *See* Exhibit 1 to the Avrutin Decl., pp. 105:23 – 108:23; 195:10-19.

Plaintiffs' argument that Mr. Pfau's testimony was somehow insufficient because he did not know the answer to questions regarding the specifics of the business of third-parties, namely its supplier Hertz Chemicals, or testing done at Hertz's behest and documents showing the results of those tests, does not provide support for Plaintiffs' motion.  For example, Plaintiffs complain that Mr. Pfau was unable to answer questions regarding specific chemical compounds and the percentage of certain ingredients in one of the products produced for Excell by its supplier.  *See* Faris Decl., Exhibit C, pp. 22:15 – 27:22.  As discussed above, Rule 30(b)(6) witnesses are only expected to gather *corporate* knowledge, not information from third-parties.  *See Eid*, 310 F.R.D. at 229.  Hertz is an independent third-party, which Mr. Pfau was not required to consult in preparation for his Rule 30(b)(6) deposition.  Furthermore, as Plaintiffs acknowledge, Excell disclosed Shanaz Mun of Hertz Chemical as an individual with knowledge of facts relating to Plaintiffs' claims more than six months ago.  *See* Faris Decl. at ¶ 10.  Plaintiffs could have, but did not, subpoena Ms. Mun or Hertz Chemicals.

In any event, Plaintiffs' argue that Mr. Pfau's testimony regarding specific areas of questioning was insufficient, but he clearly provided Excell's testimony as to these topics.  First, Plaintiffs state that Mr. Pfau lacked knowledge regarding Excell's quality assurance standards and methods of ensuring the health and safety of its products.  Mr. Pfau, however, repeatedly stated that Excell relies upon its supplier as well as U.S. customs officials to ensure the compliance of its products with health and safety standards.  Faris Decl. Exhibit C, pp. 14:20 – 15:6; 50:20 – 51:8, 39:12 – 40:3; 43:15-19.  Second, Plaintiffs state that Mr. Pfau did not know what chemical analyses were performed by Excell or its suppliers to match the original scents of branded fragrances Defendant creates versions of.  Meanwhile, Mr. Pfau specifically testified that Excell does not perform chemical analyses on the products it sells, but relies upon its

7

supplier to perform chromatograph analyses of fragrances and/or test different compounds to create a version of the scent they are happy with. *Id.* at pp. 16:21 – 17:10; 18:9-16; 43:15-19.

Third, Plaintiffs state that Mr. Pfau lacked knowledge concerning chemical analyses of the products Excell sells, but Mr. Pfau was generally familiar with all of the test results and reports produced by Excell in this action. *See id.*, pp. 13:10 – 14:4; 22:15 – 23:5; 23:17-24; 31:6-16; 40:19-24; 50:5-10; 54:11 – 56:6. Any specific details of these reports that Mr. Pfau was not knowledgeable about are not within Excell's corporate knowledge, but the knowledge of independent third-parties with whom Mr. Pfau was not required to consult prior to his Rule 30(b)(6) deposition. Thus Plaintiffs argument that Mr. Pfau's lack of knowledge as to these lines of questioning provides grounds upon which the Court may grant Plaintiffs' Motion is baseless, as Mr. Pfau's testimony is plainly not tantamount to his failure to appear for the deposition.

The cases cited by Plaintiffs in support of their argument that sanctions are warranted because Mr. Pfau was not adequately prepared for the Rule 30(b)(6) deposition are distinguishable. In *Adrian Shipholding Inc. v. Lawndale Group S.A.*, the court awarded sanctions when the Rule 30(b)(6) witness presented only spent ten percent of his time working for the corporate defendant, and the only contact the individual had with the defendant was through a director whose email address he was unsure of and whom he expressed doubt provided him with accurate information regarding the defendant. *Adrian Shipholding Inc. v. Lawndale Group S.A.*, 2012 WL 104939, No. 08 Civ. 11124 (HB)(GWG), *5 (S.D.N.Y. Jan. 13, 2012). The Rule 30(b)(6) witness also testified that he did not have knowledge sufficient to testify regarding the majority of the topics in the deposition notice, and he did not speak with anyone at the company or review any documents to prepare for the deposition. *Id.* As discussed above,

Mr. Pfau, a part owner of Excell and member of Excell's Board of Directors, met with Excell's counsel and reviewed a number of documents in preparation for the Rule 30(b)(6) deposition. Additionally, Mr. Pfau did not disavow knowledge of entire topics, but the specifics of certain documents prepared by third-parties and third-party activity that is not required to be within Excell's knowledge.

In *Reilly v. Natwest Markets Group Inc.*, the court precluded two witnesses, whom the corporate defendant had withheld from testifying on behalf of the corporation as to the value of the plaintiff's work during depositions, from testifying at trial on the same topic. *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268-269 (2d Cir. 1999). Excell has not withheld the testimony of any witnesses it intends to present at trial.

And, in *Siek v. Russo*, *Update Art, Inc. v. Modiin Publishing, Ltd.*, and *S.E.C. v. Benson*, the parties sanctioned simply made no attempt to comply with discovery orders, failing to even appear for depositions, *see Siek v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989), repeatedly failing to comply with orders compelling discovery, *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988), and wholesale refusing to provide any requested discovery. *S.E.C. v. Benson*, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987). Mr. Pfau readily appeared on behalf of Excell for the Court-ordered supplemental Rule 30(b)(6) deposition, and Excell has not violated any of the Court's discovery orders in this action. Thus the extreme remedy of a preclusion order is simply not warranted in this case.

## II.     Plaintiffs' Request for an Award of Expenses and Attorneys' Fees is Baseless

Plaintiffs' request for an award of expenses and reasonable attorneys' fees is premised upon the assumption that Excell failed to produce a competent witness to testify on behalf of the company. As discussed above, however, Mr. Pfau's testimony as to topics 8, 10 and 11 was

complete, and cannot under any circumstance be construed as a failure to testify.  As a result, Plaintiffs' Request for fees and expenses must be denied.

Even assuming Mr. Pfau's testimony regarding knowledge possessed by its supplier was insufficient, Plaintiffs are not entitled to expenses and fees because they cannot in good faith argue that they were prejudiced by Mr. Pfau's inability to testify regarding information in the possession of its supplier.  "In determining an appropriate monetary sanction, the Court must consider the degree of fault of the party against whom sanctions are sought and the extent of prejudice to the moving party."  *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, 2009 WL 3270794, No. 07 Civ. 930 (GEL), * (S.D.N.Y. Oct. 13, 2009) (citation omitted).  Plaintiffs cannot argue that they were substantially prejudice by any lack of knowledge on the part of Mr. Pfau because they had the opportunity to subpoena Excell's supplier and did not.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied in its entirety.

Dated:  July 11, 2016                                   **BLANK ROME LLP**

By: /s/ Simon Miller
    Simon Miller
    Kenneth L. Bressler
    Rebecca L. Avrutin
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    (212) 885-5000

*Attorneys for Defendant Excell Brands, LLC*