```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
COTY INC., et al.,                                    :
                                                      :
                              Plaintiffs,             :     15-CV-7029 (JMF)
                                                      :
              -v-                                     :     MEMORANDUM OPINION
                                                      :          AND ORDER
EXCELL BRANDS, LLC,                                   :
                                                      :
                              Defendant.              :
                                                      :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2016

JESSE M. FURMAN, United States District Judge:

Plaintiffs, owners of several popular perfume brands, bring intellectual property claims against Defendant Excell Brands, LLC ("Excell") relating to the sale of allegedly lower-grade "knock offs" of Plaintiffs' fragrances. Plaintiffs now move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for sanctions on the ground that Excell failed to produce for a Rule 30(b)(6) deposition a corporate representative adequately prepared to testify regarding several relevant aspects of Excell's business. For the reasons stated below, their motion is granted.

## BACKGROUND

On February 19, 2016, Plaintiffs served Excell with a Rule 30(b)(6) deposition notice seeking a witness to testify about, among other things, the ingredients and chemical composition of Excell's fragrances (Topic No. 8); Excell's compliance with applicable health, labeling, and consumer laws (Topic No. 10); and tests or studies regarding the liquid scent (or "juice") and packaging of Excell's fragrances (Topic No. 11). (Docket No. 73 ("Faris Decl."), Ex. A). Excell initially designated Nicholas Ferullo, a retail salesperson at the company, as its corporate representative. (Faris Decl. ¶ 5). At his deposition on April 27, 2016, however, Ferullo was

unable to answer questions on the three topics above, as he concededly lacked the requisite technical knowledge and was not prepared. (*See* Docket No. 55, Ex. B ("Ferullo Depo.")). When asked who at the company would be more knowledgeable about the topics at issue, Ferullo identified the company president, Wayne Hamerling. (Ferullo Depo. 182).[1]

Plaintiffs moved for an order compelling Excell to produce another Rule 30(b)(6) witness who could testify on the aforementioned topics. (Docket No. 50). At a conference held on the record on May 10, 2017, the Court granted Plaintiff's application and ordered Excell "to produce a witness who can testify as to all [three] topics." (Docket No. 65 ("Transcript") 13). The Court expressly warned Excell to make sure that the witness was "adequately prepared, whether that means briefing the president of the company or anyone else . . . ; whether it means obtaining information from the vendor in India, or what have you, basically making sure that they [were] adequately prepared." (*Id.*). The Court noted that, if the new witness was not prepared, sanctions — including attorney's fees and preclusion of evidence — might be appropriate. (*Id.* at 14).

Excell produced its second Rule 30(b)(6) witness — Andrew Pfau, a board member and investor — on May 18, 2016. (Faris Decl., Ex. C ("Pfau Depo.")). Pfau — like Ferullo — had not spoken to Hamerling or any other Excell employee in preparation for his testimony; nor had he consulted with Excell's Indian vendors. (*Id.* at 12-13). In fact, in answer to the question of what he had done to prepare for his testimony, Pfau responded "[n]ot much," that he had "read" some documents and spoken only to Excell's counsel. (*Id.* at 12). Thereafter, Plaintiffs filed the instant motion, seeking attorney's fees and an order precluding Excell from introducing at trial

---

[1] Hamerling himself was presumably unavailable to testify, as he had invoked his Fifth Amendment privilege in response to Plaintiffs' questions about the business. (Faris Decl. ¶ 9). So too had Excell's general counsel, controller, and wholesale manager. (*Id.*).

any factual testimony or documents concerning: (1) the ingredients and chemical compositions of the liquid scent (or "juice") of each fragrance at issue; (2) Excell's compliance with applicable health, labeling, and consumer safety laws; and (3) tests or studies, including laboratory or scientific reports or quantitative or qualitative analyses concerning the juice or package of Excell's fragrances.  (Docket No. 72).

## DISCUSSION

Rule 30(b)(6) permits a party to notice the deposition of a corporate entity.  The named organization "must then designate" a corporate representative "to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  More specifically, the person designated "must testify about information known or reasonably available to the organization."  *Id.*  In fact, "the corporate deponent has an affirmative duty to make available" a person able "to give complete, knowledgeable and binding answers on its behalf."  *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (internal quotation marks omitted).  If the designated witness lacks "personal knowledge concerning the matters set out in the deposition notice," then "the corporation is obligated to prepare them so that they may give knowledgeable answers."  *Spanski Enters., Inc. v. Telewizja Polska*, 07-civ-930 (ALC) (GWG), 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009); *see, e.g.*, *Eid v. Koninkliike Luchtvaart Maatschappii N.V.*, 310 F.R.D. 226, 228 (S.D.N.Y. 2015) (noting that an organization "must make a conscientious good faith endeavor . . . to prepare [its designated] persons in order that they can answer fully, completely, [and] unevasively, the questions posed . . . as to the relevant subject matters" (internal quotation marks omitted)).

If a party fails to comply with a court order to produce a competent Rule 30(b)(6) witness, Rule 37 allows the court to impose sanctions.  Such sanctions may include "directing that the matters embraced in the order or other designated facts be taken as established for

purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "A district court has wide discretion in sanctioning a party for discovery abuses," whether acting pursuant to its inherent power or Rule 37. *Reilly*, 181 F.3d at 267. Nevertheless, for the Court to impose sanctions in connection with a Rule 30(b)(6) deposition, "the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007); *see also, e.g.*, *Agniel v. Cent. Park Boathouse LLC*, No. 12-CV-7227 (NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015) (noting that courts are reluctant "to award sanctions on the basis of deficient Rule 30(b)(6) testimony when counsel fail to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated").

Applying those standards here, the Court concludes that sanctions are warranted. The Court explicitly ordered Excell to produce a witness who was prepared to testify about the noticed topics, whether that meant debriefing the company's president or the company's Indian suppliers. But Pfau was patently unprepared to do so, answering "I don't know" almost forty times during his two-hour deposition, always in response to questions about the noticed topics. (Docket No. 74 at 9). For example, when asked about the significance of a certain range of ingredients, Pfau responded: "I am not a chemist, I wouldn't know." (Pfau Depo. 26). He was similarly unable to answer questions about the meaning of certain numbers ("I can speculate, but I do not [know]"), about what sort of testing was used to select Excell's perfume compositions

("I don't know"), or what the safety reports produced by Excell's suppliers are used for ("It is not my role or area of expertise, so I don't know.")  (*See id.* 26-28).  Moreover, by Pfau's own admission, he did "[n]ot much" to prepare for the deposition; he spoke only to Excell's trial counsel and failed to speak with either the company's president or its Indian vendors.  (*See* Pfau Depo. 12).  Given that Pfau lacked a background in chemistry and had no involvement in the day-to-day operations of Excell — indeed, he was not, and is not, even an Excell employee — the need for him to gather additional information prior to his deposition was manifest.  His failure to do so, despite the Court's order, is egregious and worthy of sanctions.  *See Agneil*, 2015 WL 463971, at *3 (holding that the defendant had "neglected its obligation to prepare its Rule 30(b)(6) witnesses to give complete and knowledgeable answers as to all of the matters specified in the deposition notice" where the witness testified that he had "neither consulted with [defendant's] employees nor reviewed any documents in preparation for the Rule 30(b)(6) deposition and that his only preparation was an hour-and-a-half-long meeting with his attorney").

In arguing otherwise, Excell insists that its designated witness was under no obligation to obtain information from the company's Indian vendors because they are third parties.  (Docket No. 76, at 3-4).  But that argument is beside the point in light of the fact that Pfau did not even speak to Excell's president — whom Ferullo had identified as the person at the company with knowledge on the topics at issue.  (Ferullo Depo. 182).  Moreover, Excell's argument finds no support in either the language of Rule 30(b)(6), which calls for testimony "about information known *or reasonably available to* the organization," Fed. R. Civ. P. 30(b)(6) (emphasis added), or case law, which requires a company witness to gather information from sources "under its control," including "documents, *past* employees, *or other sources*," *Eid*, 310 F.R.D. at 229 (emphasis added) (internal quotation marks omitted); *see also Twentieth Century Fox Film Corp.*

5

*v. Marvel Enters., Inc.*, No. 01-civ-3016, 2002 WL 1835439 (AGS) (HB), at *4 (S.D.N.Y. Aug. 8, 2002) ("[T]he same principle that is applied to interrogatories and document requests should also be applied to determine the scope of a party's obligation in responding to a Rule 30(b)(6) notice of deposition.  There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used; in all cases, the responding party should be obligated to produce the information under its control."); *Securities Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("In light of the affirmative duty imposed by Rule 30(b)(6), [defendant's] corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying the underlying facts, and to answer questions accordingly.).  Here, substantially for the reasons stated by Plaintiffs in their reply memorandum of law (Docket No. 77, at 3), Excell exercised the "requisite degree of control" over its Indian vendors for information in their possession to be "reasonably available" to the company.  *Eid*, 310 F.R.D. at 229.

## CONCLUSION

In light of the foregoing, Plaintiffs' motion for sanctions is GRANTED.  Specifically, exercising its broad discretion to craft appropriate sanctions, the Court precludes Excell from introducing any factual testimony or documents at trial regarding: (1) the ingredients and chemical compositions of the liquid scent (or "juice") of each fragrance at issue; (2) its compliance with applicable U.S. health, labeling, and consumer safety laws; and (3) tests or studies, including laboratory or scientific reports or quantitative or qualitative analyses concerning the juice or package of its fragrances.  (Docket No. 72).  Additionally, Excell is ordered to reimburse Plaintiffs for their "reasonable expenses, including attorney's fees," caused

by its failure to produce adequately prepared witnesses, including the attorney's fees incurred in connection with both Rule 30(b)(6) depositions (albeit discounted to reflect the fact that Excell's witnesses were apparently prepared to provide testimony on topics other than those discussed above), preparation of Plaintiff's June 2, 2016 letter motion (Docket No. 67), and preparation of this motion (Docket No. 72).  Counsel shall confer in an effort to reach agreement on what constitutes "reasonable expenses."  Barring agreement, Plaintiffs shall submit a fee application, supported by contemporaneous billing records, no later than **thirty days** from this Memorandum Opinion and Order; Excell shall file any opposition within **two weeks** of any application.  Absent leave of Court, Plaintiffs may not file a reply.

By Order entered on June 14, 2016, the Court directed the parties to submit their proposed joint pretrial order and related materials within two weeks of the Court's ruling on the present motion.  In light of the upcoming holidays, the Court extends that deadline to **thirty days** from the date of this Memorandum Opinion and Order.  The parties should be prepared to go to trial approximately two weeks thereafter (although the Court's trial calendar may result in a later trial date).  Moreover, the parties shall immediately advise the Court by joint letter if they are interested in a referral to the assigned Magistrate Judge for purposes of settlement.

The Clerk of Court is directed to terminate Docket No. 72.

SO ORDERED.

Dated: December 9, 2016
       New York, New York

_____
JESSE M. FURMAN
United States District Judge