UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
COTY INC., COTY B.V., CALVIN KLEIN
TRADEMARK TRUST, CALVIN KLEIN, INC.,
CALVIN KLEIN COSMETIC CORPORATION,
VERA WANG LICENSING LLC, V.E.W., LTD.,
and ATE MY HEART INC.,

                    Plaintiffs,

        v.

EXCELL BRANDS, LLC,

                    Defendant.
```

15-CV-7029 (JMF) (GWG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2017

## JUDGMENT AND PERMANENT INJUNCTION

For the reasons set forth in the Court's Opinion and Order entered on September 18, 2017 (ECF No. 156); upon due consideration of the parties' submissions of October 2, 2017, October 9, 2017, and October 16, 2017 (ECF Nos. 157, 160, 162); and because there is no just reason for delay of entry of judgment on the claims resolved by the Court pending the accounting referenced in Paragraph 5 below, it is hereby **ORDERED** that:

1. Defendant Excell Brands LLC ("Defendant"), Defendant's officers, agents, servants, employees, attorneys, successors and assigns, and any other persons who are in active concert or participation with any of them are hereby permanently restrained, enjoined and prohibited from directly or indirectly engaging in the following activities:

    a. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any of Defendant's fragrance products shown in Appendix A to the Court's Opinion and Order (the "Infringing Products");

    b. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or

displaying any other products or packaging bearing any house marks, product marks, or trade dress owned by or exclusively licensed for fragrances to any of Plaintiffs, now or in the future (collectively, "Plaintiffs' Marks"), or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant of Plaintiffs' Marks, except this Paragraph shall not apply to Plaintiffs' genuine branded products themselves;

  c. copying, imitating, or making unauthorized use of any of Plaintiffs' Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

  d. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public falsely to believe that any product not authorized by the relevant Plaintiff(s) is in any manner associated or connected with such Plaintiff(s), or is manufactured, distributed, sold, licensed, sponsored, approved or authorized by such Plaintiff(s), including without limitation using the phrase "our version of" (or like phrases implying similarity or equivalence) in conjunction with any of Plaintiffs' Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof;

  e. using purported "disclaimers" coupling phrases such as "our version of" or "not associated with the makers of" with any of Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof, on products, packaging, catalogs or promotional materials;

  f. offering, advertising, or promoting any product as a copy, imitation, or version of any of Plaintiffs' products, or otherwise inviting a comparison between such products, unless the qualities and attributes of the parties' respective products are equivalent in all material respects;

  g. engaging in any other activity constituting infringement of any of Plaintiffs' Marks or constituting unfair competition with any of Plaintiffs;

   h. taking any action, including through the use of any of Plaintiffs' Marks, or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof, that dilutes the unique association between Plaintiffs and their respective marks, or that tarnishes the reputation or image of Plaintiffs or Plaintiffs' Marks;

   i. making any false or misleading representations or descriptions of fact concerning or relating to any of Plaintiffs or any of Plaintiffs' products, or otherwise making a false or misleading comparison between Defendant's products and any of Plaintiffs' products;

   j. disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any physical evidence or documents (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation, relating to the sale or distribution of the Infringing Products or any other products bearing Plaintiffs' Marks for a period of one (1) year after the entry of this Judgment and Permanent Injunction ("Judgment") for the purposes of possible future enforcement activities and the accounting of Defendant's sales pursuant to Paragraph 5 below, except with the prior written consent of Plaintiffs' counsel or leave of Court;

   k. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions of this Judgment; and

   l. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (k) above.

  2. Within five (5) business days after the entry of this Judgment, Defendant's counsel shall provide copies of this Judgment to all owners, officers, directors, agents, servants, employees, and attorneys of Defendant, and shall confirm in writing to the Court that it has done so. Further, within five (5) business days of the entry of this Judgment, Defendant's counsel shall provide

Plaintiff with the true and correct last known address and other available contact information for all successors in interest to and all present and former owners, officers, directors, agents, servants, employees, and attorneys of Defendant, and all suppliers of Infringing Products, to permit Plaintiffs to provide them with actual notice of this Judgment.

3.  Within fifteen (15) business days after the entry of this Judgment, Defendant shall deliver to Plaintiffs' counsel, or to a mutually agreed-upon facility, for destruction at Defendant's sole expense all products, packaging, labels, boxes, cartons, advertising material, promotional material, catalogs, and brochures within Defendant's custody or control relating to any of the Infringing Products, as well as any other items that bear, contain or incorporate any of Plaintiffs' Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof.

4.  Within fifteen (15) business days after the entry of this Judgment, Defendant shall recall from all bailees, distributors, wholesalers, and retailers all of the Infringing Products, as well as all other products and packaging bailed, sold or distributed by Defendant under or in connection with any of Plaintiffs' Marks or any simulation, reproduction, counterfeit, copy, colorable imitation or confusingly similar variant thereof. Within fifteen (15) business days after receiving such recalled goods, Defendant shall deliver such goods up to Plaintiffs' counsel, or to a mutually-agreed-upon facility, for destruction at Defendant's sole expense.

5.  To the extent it has not already done so, Defendant shall provide the Court and Plaintiffs with a true and accurate accounting of its sales of the Infringing Products from April 2016 until the last Infringing Products were sold.

6.  Plaintiffs are awarded Defendant's sales of the Infringing Products through April 2016—$6,573,840.43—plus the amount of Excell's sales of the Infringing Products since that date, to be determined through an accounting pursuant to Paragraph 5 above.

7.  Defendant shall pay to Plaintiffs their reasonable costs of this action in the amount of $11,407.84.

8.      Defendant shall file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of this Judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

9.      The jurisdiction of the Court is retained for the purpose of making any other orders that are necessary or proper to enforce the terms of this Judgment and to punish violations thereof.

SO ORDERED.

Date:   October 18, 2017
        New York, New York

_____
                        JESSE M. FURMAN
                        United States District Judge