UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COTY INC., COTY B.V., CALVIN KLEIN
TRADEMARK TRUST, CALVIN KLEIN, INC., CALVIN
KLEIN COSMETIC CORPORATION, VERA WANG
LICENSING LLC, V.E.W., LTD., and ATE MY HEART
INC.,

       Plaintiffs,

  v.

EXCELL BRANDS, LLC,

       Defendant.
------------------------------------------------------------X

15-CV-7029 (JMF) (GWG)

  **Bernard Rosenblum**, declares as follows:

  1.  I am a member of Excell Brands, LLC ("Excell" of "the Company"), the defendant in the above referenced matter. I respectfully submit this statement as directed by numbered paragraph 8 of the Judgment and Permanent Injunction, dated October 18, 2017 and entered October 19, 2017 ("the Judgment").

  2.  On October 13, 2017, through our counsel, we provided Plaintiffs' counsel with a true and accurate accounting of Excell's sales of "Infringing Products" from April 2016 through the date when the last of the "Infringing Products" was sold. That accounting was supported by a declaration of Excell's outside accountant who is in possession of the financial books and records of the Company which was also provided to Plaintiffs' counsel.[1] The parties

---

[1] Pursuant to further order of this Court, Excell also provided Plaintiffs' counsel with (a) records of the sales of all of Excell products from April 2016 through the sale of the last of Excell's inventory and (b) a copy of an internal financial statement for Excell for 2016.

subsequently agreed on an amount for Excell's "profits" from those sales which amount was included in a supplemental judgment.

3.  By email dated October 19, 2017, as directed by numbered paragraph 2 of the Judgment, Excell's counsel forwarded to each of the members of Excell (or in one instance, their personal attorney) a copy of the Judgment. We understand that our counsel provided written notice to the Court of this fact on or about October 25, 2017.

4.  By email dated October 25, 2017, as directed by numbered paragraph 2 our counsel provided to Plaintiffs' counsel a list of the last known addresses for all successors in interest, if any, all present and former owners, officers, directors, agents, servants, employees, and attorneys of Excell and all Excell suppliers. We understand that this information was drawn from the Company's books and records as maintained by the Company's outside accountant. The list was compiled erring on the side of inclusion as we understand the purpose of the requirement was to provide Plaintiffs with contact information so they can, should they elect to do so, provide notice of the Judgment to such non-parties.

5.  Pursuant to numbered paragraph 3 of the Judgment, within fifteen (15) business days of the entry of the Judgment, Excell was to deliver to Plaintiffs' counsel or a mutually agreed upon site for destruction any physical materials relating to the Infringing Products or any products, packaging or marketing materials bearing any of "Plaintiffs' Marks." As the Court was informed, Excell ceased active operations in the Fall of 2016. All Excell product inventory was sold by the first quarter of 2017 at the latest. Both the office space in which Excell conducted business and its warehousing storage facility for products and supplies were surrendered many months ago. The only thing Excell currently possesses are hard copies of certain of its historical books and records which are maintained in a separate storage facility. Accordingly, Excell does

not have any materials covered by numbered paragraph 3 to turn over to Plaintiffs or their counsel. Our counsel apprised Plaintiffs' counsel of this fact by email on November 9, 2017.

6. Pursuant to numbered paragraph 1(j) of the Judgment, Excell has maintained since before the Judgment was entered and will continue to maintain for not less than one (1) year from the date of entry of the Judgment, its historical books and records regarding sales of its products at dedicated storage facilities known as GRM Document Management located at 215 Coles Street, Jersey City, New Jersey 07310 and Selective Distribution located at 20 Corporation Row, Edison, New Jersey 08817, and intends to prepay for storage in those facilities. In addition, the Company's outside accounting firm maintains an electronic copy of the Company's financial records and has been instructed to maintain such records for not less than one (1) year from the date of entry of the Judgment.

7. On November 9, 2017, pursuant to numbered paragraph 4 of the Judgment, the Company's accountant sent a written notice to all of the Company's customers whether wholesalers, distributors, bailees or direct retailers seeking recall of any Infringing Products and/or products bearing any of Plaintiffs' Marks within their possession and requesting an immediate cessation of all sales activities for any of such products (the "Recall Notice"). Accompanying this declaration is a separate declaration from Adam Lipkin, the Company's outside accountant describing in further detail the manner in which he prepared and sent the Recall Notice including a copy of the form of notice and the schedule of products covered by the recall. To date, Excell has not received any notification from any customer that it possesses any products covered by the Recall Notice.

8. The above is without prejudice to Defendant's filed Notice of Appeal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Great Neck, New York
November 17, 2017

_____
Lowell Meyer